927 So.2d 567 (2006)
Cabot CORSO and Patricia Corso Personally and on Behalf of Their Minor Daughter, Alison Corso
v.
Kirk D. LABORDE, Personally and as Administrator of the Estate of His Minor Son Gerard M. Laborde, Liberty Mutual Insurance Company, Allstate Insurance Company, Tracey Duhe Fontenot, ABC Insurance Company, Entergy Corporation, South Central Bell Corporation and the State of Louisiana Through the Department of Transportation and Development.
No. 05-CA-511.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2006.
Raymond A. Pelleteri, Jr., New Orleans, Louisiana, for Plaintiff/Appellee.
John H. Ayres, III, Counsel for State of Louisiana through The Department of Transportation and Development, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and CLARENCE E. McMANUS.
*568 EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by the State of Louisiana, through the Department of Transportation and Development, defendant, from a JNOV in favor of Alison Corso and her parents, Cabot and Patricia Corso, plaintiffs, in this defective highway case. The plaintiffs have answered the appeal. A jury returned a verdict finding the DOTD negligent, but exonerating it from liability on grounds of causation. The district judge set aside this finding and rendered judgment against it for thirty percent of plaintiffs' damages. For the following reasons we set aside that judgment and render judgment dismissing plaintiffs' claims against DOTD as per the jury verdict.
The facts of the accident are not in serious dispute. At about midnight, Alison Corso got a ride home from a party with Gerard Laborde, another guest. It was an extremely foggy night and Laborde took a route that he had not driven before. As they proceeded along they hit an almost impenetrable patch of fog shortly before an abrupt left turn in the road. Laborde perceived the turn too late to negotiate it properly and ended up making the turn, but off the pavement. He hit a telephone pole and Alison was injured. The speed limit on the road was 35 MPH, but the warning speed sign for the curve was 10 MPH. All experts agreed that he was traveling about 19-20 MPH at the point of collision.
This is an expert witness case. Plaintiffs called John Bates as an expert in traffic accident reconstruction, and evaluation of highway design and maintenance. Bates testified that his review of the evidence showed that there was a "very dense fog" and basically that Laborde had overrun the curve, but turned to the left off the pavement where he hit the pole. He estimated the speed at impact was 19 MPH, and that there were no skid marks on the grass of the road shoulder, indicating that the driver had not slammed on the brakes. His examination of the history of the roadway led him to conclude that it underwent a major upgraded from gravel to asphalt in the 1940's and at that time it should have been widened and the curve stretched out with a longer turning radius so as to conform to the AASHTO national highway building standards. He also determined that in its present condition a safe speed at which to negotiate the turn was about ten MPH. At the scene he observed a 10 MPH warning sigh prior to the curve, but noted that it was 400 feet before the curve, rather than 200 feet which he deemed the distance called for in proper highway design. His ultimate opinion was that the above design defects were a contributing cause of the accident.
DOTD called as its expert David Hall, whose expertise was the same as that of John Bates. This expert testified that the road had never undergone a major upgrade, but had rather evolved from a dirt track to a gravel road which was then simply covered in asphalt in the 1940's. As to the applicability of the AASHTO standards, he noted that Louisiana did not adopt those standards for its roadways until 1968. His analysis of the curve indicated a safe speed of 10 MPH, and he estimated that Laborde was going 20 MPH when he hit the pole. The fact of the 10 MPH sign being 400 rather than 200 feet from the curve was of no consequence in his opinion because Laborde said that he never saw the sign in the fog. His opinion was that Laborde was traveling too fast for the foggy conditions and should have stopped and pulled off the road when he could no longer safely drive.
On the above evidence the jury determined that the DOTD was negligent, but *569 that this negligence was not a cause of the accident. Plaintiffs urged a motion for JNOV which was granted. The trial judge entered judgment for the plaintiffs, reduced by 70% for Laborde's negligence. The total adjusted award against DOTD was $52,820.37. DOTD now appeals, and plaintiffs have answered the appeal.
The standard of review for determining when a JNOV has been properly granted was thoroughly restated in Martin v. Heritage Manor South, XXXX-XXXX (La.4/3/01), 784 So.2d 627, 631, n. 3, as follows:
The motion [for JNOV] should be granted only when the evidence points so strongly in favor of the moving party that reasonable persons could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. The motions should be denied if there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions. In making this determination, the trial court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party. This rigorous standard is based upon the principle that "when there is a jury, the jury is the trier of fact." (citations omitted)
In the present case, plaintiffs' expert testified that that DOTD was negligent in not bringing the road up to AASHTO standards for major redesign when it applied asphalt to the surface in the 1940's. This would have required that the traffic lanes be widened, and that the curve be designed with a wider radius. He also determined that 10 MPH was the appropriate warning speed for the curve as presently configured, but that the placement of the sign 400, rather than 200, feet from the curve was improper. While he noted that Laborde was traveling at about 19 MPH upon impact, almost twice the posted speed, he was still of the opinion that DOTD's failures were at least contributing causes of the accident.
DOTD's expert testified, to the contrary. His opinion was that there had never been a major redesign of the road, but rather only an evolving improvement of its surface probably going from a dirt track to a gravel road, and finally to an asphalt surface. He also stated that Louisiana did not adopt the AASHTO standards for its roads until 1968, long after the resurfacing of the 1940's. It was his opinion that the AASHTO standards were not applicable here. He agreed that the proper safe speed for the curve was 10 MPH, and also agreed that Laborde was traveling about 20 MPH at impact. As to the placement of the 10 MPH sign, he found that fact irrelevant because Laborde said that he did not see the warning sign and therefore its precise location would have made no difference. His ultimate conclusions were that because of the fog Laborde should have stopped and pulled off the road when visibility dropped to almost zero, and that the design of the highway was not a contributing cause of the accident.
On the above evidence, and resolving all reasonable inferences and factual questions in favor of the non-moving party, a reasonable person could well have determined that the road was improperly designed, or at least that the sign was improperly located, thus justifying the jury's determination that DOTD was negligent. Such a person could also reasonably have found that the cause of the accident was that Laborde failed to slow down sufficiently in the fog and thus run off the road, rather than that the configuration of the roadway or the placement of the warning *570 sign contributed to the accident. In this circumstance, we hold that the JNOV was improperly granted.
For the foregoing reasons, the JNOV is hereby vacated, and judgment in entered dismissing plaintiffs' suit against the State of Louisiana through the Department of Transportation and Development, as per the jury verdict.
JUDGMENT VACATED, SUIT DISMISSED.